IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dale C. Franks,                                                    Case No. 3:11cv153

          Plaintiff

    v.                                                                    ORDER

Michael J. Astrue,
Commissioner of Social Security

          Defendant


       This is an appeal of a Report and Recommendation from Magistrate Judge Kathleen B. Burke affirming the Commissioner's determination that the plaintiff, Dale C. Franks, had a disability onset date of October 22, 2007.

       Plaintiff contends that the Administrative Law Judge (ALJ) improperly relied on the opinion of the state agency physician, who did not have plaintiff's entire medical record available when evaluating his claims. He also contends that the ALJ improperly used the Medical Vocational Guidelines (the "grids") in evaluating his claim of disability prior to October 22, 2007.

       Jurisdiction is proper under 42 U.S.C. §§ 405(g) and 1383(c)(3).

For the following reasons, I overrule plaintiff's objections and adopt the Report and Recommendation.

## Background

### A. Procedural Background

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI) on October 22, 2007, with a claimed disability onset date of November 1, 2001. Tr. 101-05. The state agency initially denied his claim on January 2, 2008, Tr. 45-47, and again upon reconsideration on February 19, 2008. Tr. 48-49.

Plaintiff requested a hearing on April 10, 2008. Tr. 50. On August 7, 2009, plaintiff received that hearing before ALJ Ronald J. Thomas. Tr. 20-42. On September 18, 2009, the ALJ determined that plaintiff became disabled on October 22, 2007, and continued to be disabled through the date of the decision, but was not disabled prior to that onset date. Tr. 7-19.

Plaintiff requested that the Appeals Council review the unfavorable portion of the ALJ's decision. Tr. 6. On November 19, 2010, the Appeals Council denied plaintiff's request for review. Tr. 1-5.

### B. Treatment History

Plaintiff last worked in 2007. Tr. 243. His last employment involved working part-time in a bowling alley and a bar. *Id.*

Dr. Gary D. Kresge was plaintiff's treating physician from 2002 through at least 2007. Dr. Kresge began treating plaintiff for a knee injury in 2002. Tr. 244-61. Dr. Kresge diagnosed plaintiff with degenerative arthritis of the knee and an unstable probable torn medial meniscus. Tr. 260. Kresge performed surgery on plaintiff's knee on November 5, 2002. Tr. 258-60.

At a June, 2003, follow-up, plaintiff indicated that despite increased pain in his right knee, he had become more active and returned to his job as a mechanic, requiring bending, stooping and kneeling. Tr. 256. In November, 2003, plaintiff reported a positive response to Synvisc injections, despite a fall, and that he continued work as a mechanic. Tr. 253.

In June, 2004, plaintiff reported another work-related knee injury. Tr. 252. Dr. Kresge recommended further Synvisc injections, a change in pain medication, exercise and weight loss. Tr. 251. Dr. Kresge continued to treat plaintiff for various ailments related to his knees, legs and back through 2007. Tr. 243-49. In November, 2006, plaintiff reported that he was becoming increasingly active, and was bartending and working in a boat yard pulling boats in and out of the water. Tr. 245. He reported being on his feet for twenty to thirty hours per week. *Id*.

Dr. Kathryn Drew was the agency reviewing physician for plaintiff's file, and assessed his residual functional capacity on February 15, 2008. Tr. 275-83. She opined that he had the capacity for light work, Tr. 276, and the following postural limitations: occasional climbing of ramps or stairs, occasional balancing, kneeling, crouching and crawling, and never climbing ladders, ropes or scaffolds. Tr. 277. She noted a lack of sufficient evidence prior to December 31, 2004 (plaintiff's last date insured), to determine disability. Tr. 276. She also lacked information concerning plaintiff's allegations concerning emphysema or a fractured vertebrae. Tr. 275-83.

Plaintiff saw many other treating physicians resulting from a 1979 accident injuring his right hip, back and chest, all of which preceded both his date last insured and his alleged onset date. Tr. 292-303. None opined that he was disabled.

**Standard of Review**

District judges review *de novo* those portions of a Report and Recommendation to which objections have been made. Fed. R. Civ. P. 72(b). *De novo* review entails, at minimum, a review of the evidence presented to the Magistrate Judge. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). If a district judge adopts the Magistrate Judge's Report and Recommendation, it need not state with specificity what it reviewed; that it states it has engaged in a *de novo* review is enough. *Id*.

Review of the ALJ's determinations is limited to determining whether the ALJ applied correct legal standards in reaching his decision and whether substantial evidence exists in the record to support his findings. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir.1989). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981). The fact that substantial evidence exists to support a different conclusion is not grounds for reversal as long as substantial evidence exists to support the decision the ALJ reached. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.1993).

## Discussion

On appeal, plaintiff raises two issues. The first is whether the ALJ improperly relied on Dr. Drew's evaluation, based on incomplete evidence, in rendering its decision. The second is whether the ALJ improperly relied on the grids to determine that plaintiff was not disabled until October 22, 2007.

### A. Reliance on State Agency Physician

Plaintiff cites *Blakely v. Comm'r of Soc. Security,* 581 F.3d 399, 409 (6th Cir. 2009), for the proposition that, when a state agency physician bases her opinion on an incomplete record, the ALJ must indicate that he recognizes that fact before affording the opinion greater weight.

The *Blakely* decision concerned the adoption of a state agency physician's report that contradicted numerous reports from treating physicians. *Id*. The state agency physician gave no indication of having seen the treating physician reports, nor did the ALJ justify the greater weight he gave to the state agency physician's report. *Id.* Because the ALJ chose to adopt the state agency physician report over reports of treating physicians, the court "require[s] some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not 'based on a review of a complete case record.'" *Id*. (quoting *Fisk v. Astrue*, 253 Fed.Appx. 580, 585 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *3)).

The ALJ who reviewed plaintiff's file did not give greater weight to the state agency physician than to his treating physician. Her report was in accord with plaintiff's treating physician, who treated plaintiff from his alleged onset date until the determined date of disability and neither opined that plaintiff was disabled nor gave a medical opinion that would lend credence to that claim. It was the treating physician's report which the ALJ gave controlling weight, using the state agency report to reinforce his findings.

Plaintiff's objection is without merit, and is overruled.

### B. Use of the Grids in Determining Whether Plaintiff Could Perform Relevant Work

Plaintiff argues that the ALJ's use of the grids to determine whether relevant work existed in the national economy was improper where his nonexertional limitations were not fully addressed by the state agency physician.

Once a claimant establishes that he cannot perform his past relevant work, it is the Commissioner's burden to show that the claimant has the residual functional capacity to perform substantial gainful work existing in the national economy. *Cole v. Sec'y of Health & Human Servs.*, 820 F.2d 768, 771 (6th Cir. 1987). The Commissioner may do so "by reference to the medical vocational guidelines ('the grids') unless the claimant suffers from nonexertional limitations that significantly limit the range of work permitted by his exertional limitations." *Id.* "The claim of nonexertional impairment must indicate a significant or severe limitation precluding the ability" to do the relevant work. *Id.* at 772.

Dr. Drew found that plaintiff had the nonexertional impairments of occasional climbing of ramps or stairs, occasional balancing, kneeling, crouching and crawling, and never climbing ladders, ropes or scaffolds. The Commissioner noted that these types of nonexertional limitations have little to no effect on the unskilled light occupational base. *See* Soc. Sec. Rul. No. 83-14. Plaintiff argues that the ALJ did not resolve whether the nonexertional limitations of occasional climbing of stairs, balancing, kneeling and crouching affected his ability to find relevant work prior to his established date of disability.

The ALJ did, in fact, resolve at least the role the limitations of kneeling and crouching played in plaintiff's ability to find relevant work by mentioning's plaintiff's jobs as a mechanic, bartender, and boat yard worker during the period of claimed disability. The other two categories - occasional climbing of stairs and balancing - do not indicate a significant or severe limitation precluding the

ability to have done the relevant work prior to the disability onset date, particularly given the work plaintiff was engaged in during that period.

Plaintiff's objection is overruled.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is adopted.

So ordered.

s/James G. Carr
Sr. United States District Judge
